UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

Wright et al.,

                         Plaintiff              Case No.: 25-cv-6149-LAP

     v.

Nguyen et al.,

                        Defendants.

-----------------------------------------------------------x

## ~~[PROPOSED]~~ CONSENT ORDER AND JUDGMENT

Plaintiffs Jon Q. Wright and JQ Licensing LLC ("Plaintiffs") commenced this action

against Defendants Thuong Nguyen, T&T Ecom Solution Limited, and Geeowl LLC

(collectively, "Defendants"). The parties have reached an agreement to resolve all claims

asserted in this action.

**THIS COURT HEREBY FINDS** that it has personal jurisdiction over Defendants

because Defendants purposefully directed their business activities toward the United States,

including New York, by operating interactive e-commerce storefronts accessible to consumers in

this District, offering for sale and selling products incorporating Plaintiffs' copyrighted works of

art, and causing such products to be shipped into New York and this District. Defendants further

availed themselves of U.S.-based commercial infrastructure, including payment processors and

online marketplaces, through which they conducted transactions, processed payments, and

derived revenue from U.S. consumers. Defendants' conduct constitutes the transaction of

business within the meaning of New York's long-arm statute and satisfies the requirements of

due process.

**THIS COURT FURTHER FINDS** that the parties have entered into a settlement

resolving all claims asserted in this action, which includes a monetary component to be satisfied in part through funds currently frozen in accounts associated with Defendants, including but not limited to accounts maintained with PayPal and Stripe (the "Account Balances"). The parties have agreed that such Account Balances shall be applied toward satisfaction of a defined portion of the settlement amount (the "Principal Amount"), with Defendants remaining responsible for any deficiency in satisfying the Principal Amount. In addition, Defendants shall pay a separate monetary amount (the "Additional Amount") directly to Plaintiffs in accordance with the terms of the parties' settlement agreement. Entry of this Order will facilitate the prompt disbursement of the Account Balances and the efficient resolution of this action.

**THIS COURT FURTHER FINDS** that, as part of the parties' settlement, Defendants have agreed to the entry of a permanent injunction prohibiting any further use, reproduction, distribution, display, marketing, offering for sale, or sale of Plaintiffs' artwork at issue in this action, including any derivative works, modifications, or colorable imitations thereof, by Defendants or any persons acting in concert or participation with them, worldwide and across all platforms. The Court finds that entry of such injunctive relief is appropriate and necessary to prevent further infringement and to ensure the final resolution of the claims asserted in this action.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

1.      Defendants, and their officers, agents, servants, employees, successors, assigns, affiliates, licensees, and all persons acting in concert or participation with them who receive actual notice of this Order, are hereby permanently enjoined from using, reproducing, distributing, displaying, marketing, offering for sale, or selling Plaintiffs' artwork (the "Artwork"), including any derivative works, modifications, or colorable imitations thereof,

worldwide and across all platforms.

2.      The relevant service providers, including but not limited to PayPal and Stripe (the "Service Providers"), are hereby directed to release and transfer the Account Balances to Plaintiffs or Plaintiffs' counsel within seven (7) calendar days of receipt of this Order, to be applied toward satisfaction of the Principal Amount. Defendants and the Service Providers shall maintain the Account Balances and any related restraints in place until the transfers required by this Order are completed.

3.      To the extent that the Account Balances are insufficient to satisfy the Principal Amount in full, Defendants shall be jointly and severally liable for the deficiency and shall remit the remaining balance to Plaintiffs within seven (7) days of written notice. No offsets, deductions, or reductions of any kind shall be applied to any payment obligations.

4.      Defendants shall pay the Additional Amount directly to Plaintiffs in accordance with the terms of the parties' settlement agreement. Defendants shall be responsible for any costs or fees associated with such payment.

5.      Within seven (7) days following entry of this Order, Defendants shall provide Plaintiffs with a written certification, signed under penalty of perjury, confirming that all use of the Artwork has ceased and that all listings, products, advertisements, and materials incorporating the Artwork have been permanently removed. Such certification shall expressly confirm removal across all media and channels, including but not limited to: all websites, domains, and webpages; e-commerce storefronts and marketplace listings; social media accounts and profiles; digital advertisements (including search, display, and social media advertising); product packaging, labeling, and promotional materials; and any other online or offline content, marketing, or distribution channels. The certification shall further confirm that Defendants have

ceased all manufacturing, production, distribution, sale, and offering for sale of any products incorporating the Artwork, and that any remaining inventory bearing the Artwork has been removed from circulation and will not be sold or distributed.

6.    Defendants shall identify, in writing and under penalty of perjury, all websites, domains, storefronts, online marketplaces, and accounts owned, controlled, licensed, operated, or otherwise associated with any Defendant, worldwide, sufficient to permit Plaintiffs to monitor compliance with this Order. Such identification shall include, without limitation: all e-commerce platforms and marketplace accounts (including any seller IDs or storefront names); all websites and associated domains (including subdomains); all social media accounts and profiles; all advertising and marketing accounts (including accounts used for search, display, and social media advertising); and any third-party platforms, services, or channels through which Defendants have advertised, marketed, offered for sale, or sold products incorporating the Artwork. Defendants shall further identify any accounts or entities used to process payments, fulfill orders, or distribute such products. The identification shall include sufficient detail to enable verification, including platform names, account identifiers, URLs, and associated email addresses, and shall be updated promptly if any additional accounts or channels are identified.

7.    Defendants shall not, directly or indirectly, create, operate, or utilize any new or existing websites, accounts, entities, or channels to engage in any conduct prohibited by this Order, including through the use of aliases, shell entities, or third parties acting on their behalf.

8.    This Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of this Order and the parties' settlement agreement.

9.    Upon Plaintiffs' written confirmation that Defendants have satisfied the monetary obligations set forth in this Order, the relevant Service Providers are hereby authorized and

directed to remove any restraints, freezes, holds, or other restrictions previously imposed on

Defendants' accounts pursuant to any temporary restraining order, preliminary injunction, or

other order entered in this action. Such removal shall not occur unless and until Plaintiffs provide

written confirmation of full compliance.

10.     This action is dismissed with leave to reinstate within one hundred and eighty

(180) days. If no motion to reinstate is filed within that period, the dismissal shall automatically

convert to a dismissal with prejudice.

11.     In the event of any breach of this Order, Plaintiffs may apply to the Court for

appropriate relief, including enforcement, contempt, and additional monetary or injunctive

remedies.

12.     The Parties shall bear their own attorneys' fees and costs.

SO ORDERED this _21st_ day of _April_, 2026

The Clerk of the Court shall
mark this action closed and all
pending motions denied as moot.

SO ORDERED:

Hon. Loretta A. Preska
U.S. District Judge